UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER B066421355A04 | CIVIL ACTION |
| VERSUS | NO. 09-3195 |
| PATRICK WASHINGTON, ET AL. | SECTION "N" (1) |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Rec. Doc. 7). After considering the memoranda of the parties and the applicable law, the Court grants this motion.

### I. BACKGROUND

Certain Underwriters at Lloyd's, London subscribing to policy number B066421355A04 ("CU") filed this lawsuit against Patrick Washington ("Washington"), a claims adjuster, and his employer, GAB Robins North America, Inc. ("GAB") (collectively, "Defendants") in the Civil District Court for the Parish of Orleans, State of Louisiana on March 6, 2009. In the suit, CU sought to recover extra-contractual penalties and sums paid to one of their insureds, Scariano Brothers, LLC ("Scariano"), as a result of Defendants' failure to properly adjust Scariano's

Hurricane Katrina property damage claim under policy number B066421355A04. CU claimed that Defendants breached their fiduciary duties owed to it in the adjustment and handling of the Scariano claim, which caused CU to pay the extra-contractual sums and attorney's fees.

On March 31, 2009, Defendants filed a Notice of Removal, alleging that this Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy could potentially exceed $75,000.00. (Rec. Doc. 1, ¶¶ 5, 9, 10, 11). As the basis for alleging the existence of diversity of citizenship, Defendants allege the following facts:

- GAB is a foreign corporation authorized to do business in the State of Louisiana, with a principal place of business in the State of New Jersey;
- Washington is a resident of the State of Georgia; and
- CU is a foreign insurer licensed to do business in the State of Louisiana.

CU points out that Syndicate 2020 is the leading Lloyd's underwriter for the underwriters subscribing to Policy Number B066421355A04, which was issued to Scariano. A syndicate subscribes to policies and is made up of numerous participants, including individuals, corporations, and other associations. CU further notes that there are three members of Syndicate No.

2020 that are residents of New Jersey, namely Member No. 013162E, Member No. 043267J, and Member No. 041351J and there is one member, namely, Member No. 027641H, that is a resident and domiciliary of the State of Delaware, the state of GAB's incorporation. (See Exhibit 2 to Rec. Doc. 7). CU claims that based on the above facts, there is no diversity of citizenship in this matter.

**II. LAW AND ANALYSIS**

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. See 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See, e.g., *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); see also *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states. The Supreme

Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L .Ed. 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. See *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

CU cites Fifth Circuit case law which explains that Lloyd's, London is not an insurance company, but rather a self-regulating entity which operates and controls an insurance market. *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003). Lloyd's, London provides a market for the buying and selling of insurance risk among its members who collectively make up Certain Underwriters at Lloyd's, London. *Id*. at 858. The members (or investors) who collectively make up Lloyd's are called "Names" and are the individuals and corporations that finance the insurance market and ultimately insure risks. *Id.* Each Name is exposed to personal liability for his, her or its proportionate share of the loss on a particular policy that the Name has

subscribed to as an underwriter. *Id.* Names do not operate independently; each is severally liable on the policies to which it subscribes, only for his, her or its proportion of each risk. *Id.*

Generally, a Lloyd's policy has multiple Syndicates which are collectively responsible for 100% of the coverage provided by a policy. *Id.* A Syndicate bears no liability for the risk on the Lloyd's policy. Instead, all liability falls to the individual Names who belong to the various Syndicates that have subscribed to a policy. *Id.* CU cites several cases for the proposition that to meet the diversity requirement, each Name who the lead underwriter represents must be diverse with the opposing parties. See, e.g., *Team One Properties LLC v. Certain Underwriters at Lloyd's London*, 2007 WL 4365392 (E.D. La.); *McAuslin v. Grinnell Corp, Et. Al.*, 2000 WL 1059850, *3 (E.D. La. 2000). See also *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998); *Walle Building Condominium Assoc. v. Certain Underwriters at Lloyd's London*, Slip Copy 2008 WL4412250 (E.D. La.)(citing *E.R. Squibb & Son, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2nd Cir. 1998)); *NL Indus., Inc., v. One Beacon Am Ins Co.*, 435 F. Supp.2d 558, 564 (N.D. Tex 2006)(citing *Corfield*, 355 F.3d 853).

Here, CU notes that four members of Syndicate 2020, the lead underwriting syndicate, share citizenship with GAB. Three of the

5

members of the Syndicate are citizens of the State of New Jersey. As such, CU asserts that there is no diversity of citizenship, and as a result, this Court lacks subject matter jurisdiction over this case. CU further suggests that defendants should be ordered to pay the attorney's fees and all costs incurred by it with respect to bringing the instant motion.

In opposition, Defendants assert that, contrary to CU's assertions, the law on this issue is not settled. Defendants argue that the Fifth Circuit has not yet addressed the issue of complete diversity of citizenship in the context of an action brought by "Certain Underwriters at Lloyd's." (Rec. Doc. 8, p. 1). Defendants claim that, according to the Fifth Circuit decision of *Corfield*, when the named representative sues, only the citizenship of the named representative on the Lloyd's policy must be taken into account for the purpose of diversity jurisdiction. Defendants contend that the real party in interest (i.e., the substantial party) for CU is located in London, England and administrates the handling of claims from there. Thus, Defendants argue that there is complete diversity of citizenship.

Defendants contend that the Names are organized into Syndicates for the purpose of administrative convenience, and the active underwriters from one of the underwriting Syndicates is designated as the representative of all the Names on the policy.

Defendants cite *Team One Properties v. certain Underwriters at Lloyd's*, 2007 WL 4365392 (E.D. La. 2007) for the proposition that a single underwriter, called the "lead," is usually the only Name disclosed on the policy with all other Names remaining anonymous. Defendants claim that these anonymous Names are nominal parties who do not participate in the litigation or administration of the claims; thus, their citizenship should not be analyzed to determine whether complete diversity exists.

Defendants note that CU's administration of the litigation, as well as the underlying claim, stem from England, and all reports and decisions regarding the underlying claim were communicated by Defendants to Lloyd's, London's offices and personnel in England. Thus, Defendants claim that the substantial party to this litigation is the lead underwriter in England, not a nominal Name in New Jersey.

In the event that the Court decides to consider the citizenship of the individual Names in Syndicate 2020, Defendants claim that there is insufficient information to determine the citizenship of Names 013162E, 043267J, and 041351J. Defendants cite *Walle Building Condominium Association v. Certain Underwriters at Lloyd's London*, 2008 WL 4412250 (E.D. La. 2008), wherein the party seeking to defeat diversity by alleging citizenship of a Name provided both the identity and utility bill of the allegedly diverse Name. Here, Defendants note that there

7

is no such evidence provided by CU in its motion.  Further, Defendants note that only the exhibits to CU's motion provide the citizenship of the Names at the time of the issuance of the Policy - not at the time of the filing or at the time the tort is alleged to have occurred.  Notably, the Policy was issued almost one year before the assured's damage and over three years before suit was filed.

In reply, CU argues that Defendants have the burden of affirmatively establishing the basis for jurisdiction and that any doubt as to the propriety of the removal should be considered in favor of remand. CU notes that all the evidence in the record establishes that there is a lack of compete diversity of citizenship in this matter, requiring remand.

CU agrees with Defendants that the Fifth Circuit has not specifically ruled on this issue but argues that CU claims that these anonymous Names are nominal parties who do not participate in the litigation or administration of the claims. .  Despite the lack of a Fifth Circuit decision on this issue, this Court agrees with CU and multiple other jurists of the Eastern District of Louisiana and other Circuit Courts that the citizenship of the Names, as the real parties to the controversy,  must be considered for purposes of diversity of citizenship jurisdiction. See  *E.R. Squibb & Sons, Inc. v. Accident Cas. Ins. Co.*, 160 F.3d 925, 939 (2d Cir.1998)("[E]ach and every Name whom the lead

underwriter represents must be completely diverse."); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir.1998)(holding that each Name must be diverse); *Transamerica Corp. v. Reliance Ins. Co. of Ill.*, 884 F. Supp. 133, 139 (D.Del.1995)(same); *Lowsley-Williams v. North River Ins. Co.*, 884 F.Supp. 166, 173 (D.N.J.1995) ("[C]itizenship is determined for a Lloyd's syndicate by the sum of its citizenship of all participating Names ...."); *Bath Iron Works Corp. v. Certain Member Cos. of the Inst. of London Underwriters*, 870 F.Supp. 3, 7 (D.Me.1994)("[T]he citizenship of each defendant ( i.e., each Name) should be considered for diversity purposes."); *Queen Victoria Corp. v. Insurance Specialists of Haw.*, Inc., 711 F.Supp. 553, 554 (D.Haw.1989)(Lloyd's "citizenship is determined by the citizenship of all its members."); *McAuslin v. Grinnell Corp.*, 2000 WL 1059850 (E.D. La. 2000) (finding no jurisdiction as certain Names were citizens of the same states as certain defendants).

While Defendants cite *Corfield* for the proposition that the real parties in interest are the underwriters located in London, England, this Court finds the decision in *NL Industries, Inc. v. Onebeacon America Insurance Company*, 435 F. Supp.2d 558 (N. D. Tex. 2006) helpful in combating that argument. In that case, the Court reasoned:

> In this case, NL sued Certain Underwriters at

9

> Lloyd's of London. As such, the suit is against
> each Name or Underwriter who is a subscriber to
> the policies in question. These Underwriters are
> described as "syndicates, corporations, and other
> entities that are citizens of the United Kingdom
> or of the United States." ... As NL has sued
> numerous Names, they are the "real" parties to
> this action, and their citizenship must be
> distinctly and affirmatively set forth, or
> established by proof. This is not a situation like
> that present in *Corfield* where only one Name or
> Underwriter was a party to the suit. In *Corfield*,
> the Name sued only on its own behalf as the lead
> underwriter and was not suing in a representative
> capacity on behalf of any other underwriter. ...
> In the present case, NL clearly sues a number of
> Underwriters or Names subscribing to the policies
> made the bases of this suit. Under these
> circumstances, the citizenship of the Names is
> relevant to the issue of diversity.

435 F. Supp. 2d at 564 (internal citation omitted). Here, as the Court found in *Certain Underwriters at Lloyd's of London Syndicates v. Travelers Indemnity Company*, 2006 WL 1896341, *2 (W.D. Wash. July 7, 2006), "the lead underwriters are not appearing in their individual capacity, but as representatives of the Names behind the policies, and therefore each of the Names must be considered for purposes of diversity jurisdiction." Here, as CU points out, it is the subscribing Names that bear the financial risk and, as such, they are the real parties in interest. Thus, this Court finds that the citizenship of the Names shall be considered when determining whether there is complete diversity.

On the showing made, after considering all the evidence in the record, including the Affidavit of Kevin Hutcheon (Exhibit 1

10

to Rec. Doc. 7), and the Certificate of Good Standing evidencing GAB's Delaware citizenship (Exhibit 2 to Rec. Doc. 7), this Court finds that there is a lack of complete diversity of citizenship in this matter. Specifically, there are three members of Syndicate No. 2020 that are residents of New Jersey, namely Member No. 013162E, Member No. 043267J, and Member No. 041351J and there is one member, namely, Member No. 027641H, that is a resident and domiciliary of the State of Delaware, the state of GAB's incorporation. (See Exhibit 2 to Rec. Doc. 7). Consequently, remand is required.

However, given that all parties agree that the Fifth Circuit has not addressed this specific issue, the Court declines to order the payment of attorneys fees and costs.

## III. CONCLUSION

**IT IS ORDERED** that the **Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Rec. Doc. 7)** is **GRANTED** to the extent that this matter is **REMANDED** to the state court from which it was removed.

New Orleans, Louisiana, this 28th day of December 2009.

_____
KURT D. ENGELHARDT
United States District Judge